354 P.2d 124

Edward A. KNAUS and Edna Frances Knaus, his wife, Plaintiffs and Appellants,

v.

James Earl SMITH and Zelda P. Smith, his wife, R. V. Manning and Lois Manning, his wife, Defendants and Respondents.

No. 9071.

Supreme Court of Utah.

July 14, 1960.

W. D. Beatie, Salt Lake City, for appellants.

C. Preston Allen, Richard L. Bird, Jr., Salt Lake City, for respondents.

PER CURIAM.

This is an appeal from a judgment quieting title in defendants to a gravelled driveway where there appears to have been a period of long acquiescence in a boundary line at the west edge thereof.

In 1925 one Linnell owned the land embraced in the contiguous tracts involved here. In 1939, after having used the driveway himself, he sold to defendants Smith what was described as "Lot 1 and the east 10 feet of Lot 2, Bradford Subdivision."

He as vendor and Smiths as vendees assumed the boundary to be on the driveway's west edge, which in turn was flanked by an irrigation ditch and row of rocks. Smiths occupied and used the drive until 1950, and thereafter his renters so used it until 1954. In that year Smiths sold under contract to defendants Mannings, who also have used the driveway to date. Hence it has been used by occupants and claimants other than Knaus and his predecessors for at least 20 years, and presumably for upwards of 14 years more prior thereto during Linnell's ownership and occupation of the acreage common to the two parcels of land involved in this litigation.

After Linnell sold to Smiths, he retained "Lot 2, except the east 10 feet" until he executed a deed containing that description, in 1945, to Knaus' predecessors. From 1939 when he sold to Smiths, until 1945, when he sold "Lot 2, except the east 10 feet thereof" to Knaus' predecessors, he laid no claim to the driveway, nor did he attempt to use it, obviously permitting its continuous use without objection. After the 1945 deed to Knaus' predecessors, one of them built a home on the property and respected the driveway, making no claim thereto, but contrariwise, installing a driveway of his own on the west side of his home.

In 1948, after both deeds had been executed and delivered to the respective gran-

tees by Linnell, a survey was made, in which it appeared that the driveway was within the area described in Smiths' deed. In 1956 another survey was had which, if accurate, reflected a six-foot overlap onto Knaus' property by the Smiths. Which survey was the accurate one is of little moment in light of the long unobjected-to possession of the driveway, except to strengthen the conclusion that a boundary by acquiescence was established, reflecting at least some degree of uncertainty as to the true line.

The facts here are somewhat similar to those in Harding v. Allen,[1] a case recently decided by us, which we consider controlling here, both as to factual matters and the authorities cited therein, to which case reference is made.

The judgment is affirmed, with costs to defendants.

1. 10 Utah 2d 370, 353 P.2d 911.